United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51538
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LUIS GONZALEZ-ALONZO,
also known as Alfonso Perez-Macias,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-730-ALL
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit
Judges.

PER CURIAM:[*]

Juan Luis Gonzalez-Alonzo (Gonzalez) pleaded guilty to count 1
of an indictment charging him with illegal reentry following
deportation. Gonzalez was sentenced to a 57-month term of
imprisonment and to a three-year period of supervised release.
Gonzalez gave timely notice of his appeal.

Gonzalez contends that the district court erred in ruling that
his prior New York conviction of third-degree felony rape was a

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"crime of violence" for purposes of U.S.S.G. § 2L2.1(b)(1)(A)(ii) (2004). See N.Y. PENAL LAW ANN. § 130.25 (McKinney 1998). We review this question de novo. See United States v. Sarmiento-Funes, 374 F.3d 336, 338 (5th Cir. 2004).

Under § 2L1.2(b)(1)(A)(ii), a defendant's offense level is increased by 16 levels if, prior to deportation, he was convicted of a "crime of violence." The offense of statutory rape is a crime of violence. § 2L1.2, comment. (n.1(B)(iii)).

Gonzalez was convicted under part 2 of § 130.25, under which a person is guilty of rape in the third degree when, "Being twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old." § 130.25-2. This statutory definition is consistent with a "common sense" meaning of the offense of statutory rape. See United States v. Izaguirre-Flores, 405 F.3d 270, 275–77 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005). The district court did not err in applying § 2L2.1(b)(1)(A)(ii).

Gonzalez contends that, in light of the Supreme Court's holding in Apprendi v. New Jersey, 530 U.S. 466 (2000), his sentence exceeds the statutory maximum two-year term of imprisonment under 42 U.S.C. § 1326(a) because he was sentenced under § 1326(b) on the basis of facts that were not alleged in the indictment, admitted by him, or proved beyond a reasonable doubt. Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although

2

Gonzalez contends Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, this court has repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Gonzalez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.