IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-41173

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN NERI-HERNANDES

Defendant-Appellant

Appeal from the United States District Court for the
Southern District of Texas, McAllen Division

Before JOLLY, DAVIS and WIENER, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge.

Defendant Juan Neri-Hernandes (Neri) appeals his sentence imposed after a guilty plea conviction for being unlawfully present in the United States under 8 U.S.C. § 1326. Neri's main argument is that the district court erred in looking to the indictment and the Certificate of Disposition in determining whether Neri's prior New York conviction was a crime of violence for purposes of imposing the enhancement under U.S.S.G. § 2L1.2. For the reasons set forth below, we reject Neri's argument and affirm.

I.

Neri pleaded guilty to being unlawfully present in the United States after having been removed previously. The presentence report (PSR) assigned Neri

a base offense level of eight. He received a 16-level adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the probation officer determined that his prior New York conviction for attempted assault was a crime of violence. Following a two-level reduction for acceptance of responsibility, Neri's total offense level was 22. His criminal history category was III. The resulting guidelines range of imprisonment was 51 to 63 months.

Neri filed several objections to the PSR. He objected, inter alia, to the 16-level enhancement on the ground that the government failed to prove by competent evidence that he had been convicted of a crime of violence under § 2L1.2. He also argued that § 1326(b) was unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); however, he acknowledged that this argument was foreclosed. Neri also moved for a downward departure on the ground that his criminal history was over-represented.

Neri re-urged his objections and his motion at sentencing. The district court overruled Neri's § 2L1.2 and Apprendi objections. With respect to Neri's objection to the crime of violence enhancement, the district court found that the certified copy of the Certificate of Disposition was reliable for purposes of determining whether the prior conviction was a qualifying offense. The district court relied on both the Certificate of Disposition and the indictment in concluding that Neri's prior conviction was a crime of violence.

The district court granted Neri additional acceptance of responsibility and early disposition points which resulted in a revised total offense level of 19. The district court also granted Neri's motion for downward departure, finding that his criminal history was slightly over-represented by a criminal history category III. Accordingly, the district court reduced Neri's criminal history category to II. The revised guidelines range of imprisonment was 33 to 41 months.

The district court sentenced Neri to 33 months of imprisonment and two years of supervised release. Neri filed a timely notice of appeal.

II.

Neri challenges the district court's determination that his prior conviction for attempted assault in the second degree is a crime of violence. Neri does not dispute that he was convicted in New York state court of attempted assault in the second degree, in violation of McKinney's Penal Law § 120.05.[1] However, one or more of the prongs of this statute do not qualify as a crime of violence under this Court's categorical approach. Unless the government can establish that he was convicted under one of the violent prongs of the statute, it would be error for the district court to treat Neri's prior New York conviction for attempted assault as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).[2]

Neri contends that the documents on which the court relied in making its determination are insufficient to show that he pleaded guilty to a particular subsection of the New York statute. The district court was provided a copy of the indictment for the offense which alleged that Neri committed the offense of assault in the second degree, subsection 2 (a violent prong of the statute). Neri

---

[1] Subsection 2 of the pertinent New York law provides: "A person is guilty of assault in the second degree when: . . . with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." N.Y. PENAL LAW § 120.05(02) (McKinney 2000). An attempt under New York law occurs "when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime." N.Y. PENAL LAW § 110.00 (McKinney 2004). A conviction under §§ 110.00 and 120.05(02), attempted assault in the second degree, would qualify as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2005).

[2] U.S.S.G. § 2L1.2 Commentary "provides that 'crime of violence' means any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt.

argues that the court should not consider the indictment because the crime to which he pled guilty, the lesser included offense of attempted assault, was not charged in that document. The district court also considered a certified copy of a Certificate of Indictment which stated that Neri pleaded guilty to attempted assault in the second degree, subsection 2 and was sentenced to one year of imprisonment. Neri argues that the court should not consider this as evidence because it is not reliable. Accordingly, he argues that because the government did not establish by competent evidence that he pleaded guilty to a particular subsection of the New York statute and because some subsections of the statute do not satisfy the definition of a crime of violence, the district court should not have imposed the enhancement.

Indictment

Neri contends that the district court erred in looking to the indictment (the charging document) in this case to determine the subsection of the statute under which he was convicted because Neri pleaded guilty to a different offense from that for which he was indicted, citing United States v. Turner, 349 F.3d 833 (5th Cir. 2003). In Turner, this Court addressed what role the charging instrument should have upon a sentencing court's analysis of whether a prior conviction was a crime of violence under U.S.S.G. § 4B1.2 where the defendant was convicted of a lesser included offense. 349 F.3d at 836. The commentary to § 4B1.2 specifically authorizes a sentencing court to consider whether "the conduct set forth (i.e., expressly charged) in the count of which the defendant was convicted . . . by its nature, presented a serious potential risk of physical injury to another." U.S. SENTENCING GUIDELINE MANUAL § 4B1.2, cmt. n.1. But, because "Turner pleaded guilty to a lesser included offense, and was not reindicted on the lesser count," this Court concluded that the district court could not rely on the conduct set forth in the indictment when making the § 4B1.2 determination. Turner, 349 F.3d at 836.

In the instant case, the applicable guideline is § 2L1.2 which does not contain commentary similar to the § 4B1.2 commentary at issue in Turner. Compare U.S. SENTENCING GUIDELINE MANUAL § 4B1.2 with U.S. SENTENCING GUIDELINE MANUAL § 2L1.2. However, the same rule has been applied in cases addressing § 2L1.2. See United States v. Gonzalez-Ramirez, 477 F.3d 310 (5th Cir. 2007) (because Gonzalez-Ramirez never pleaded guilty to the indictment charging aggravated kidnapping and rather pleaded guilty to attempted kidnapping, that indictment could not be used to determine whether Gonzalez-Ramirez's conviction was a crime of violence under U.S.S.G. § 2L1.2). Accordingly, the district court cannot use the indictment to pare down the statute of conviction to determine under which subsection Neri pleaded guilty.

Certificate of Disposition

Neri also argues that the district court should not have looked to the New York Certificate of Disposition because the document is comparable to an abstract of judgment and therefore not reliable. He cites the decision in United States v. Gutierrez-Ramirez, 405 F.3d 352, 358 (5th Cir. 2005), as support for this argument. In Gutierrez-Ramirez, this Court determined that the district court erred under the categorical approach employed for sentencing enhancements when it relied solely on a California abstract of judgment as a source to identify the defendant's conduct in a prior conviction. The abstract of judgment identified the offense of conviction as a violation of California Health and Safety Code § 11352, a statute that covers some conduct that would not qualify as a "drug trafficking offense" under the Guidelines. See CAL. HEALTH AND SAFETY CODE § 11352 (2000). The district court relied on a short description of the offense, "sell cocaine," inserted into a small space in the abstract of judgment, to conclude that Gutierrez-Ramirez's offense qualified as a drug trafficking offense. Gutierrez-Ramirez, 405 F.3d at 358. Under California law, an abstract

5

of judgment is not the judgment of conviction, and the preparation of the abstract is a clerical rather than a judicial function. Id. at 357. Most significantly, the "form simply calls for the identification of the statute of conviction and the crime, and provides a very small space in which to type the description." Id. Therefore, the factual information on the form identifying the offense does not reflect a "conscious judicial narrowing of the charging document." Id. at 358. Accordingly, under Taylor and Shepard, the abstract of judgment was not the type of document the court could look to for the facts of the offense to determine whether the defendant was convicted under part of a statute that meets the enhancement definition. See Shepard v. United States, 544 U.S. 13 (2005); Taylor v. United States, 495 U.S. 575 (1990).

The facts of this case do not implicate Taylor and Shepard. The district court did not look to the Certificate of Disposition for underlying facts of Neri's offense from which to determine whether he was convicted of a type of attempted assault that qualifies as a crime of violence. Rather, the Certificate of Disposition was used as proof of the existence of the prior conviction. The Certificate details Neri's guilty plea and sentence, and it specifies a subsection of the statute under which Neri was convicted, noting that he pleaded guilty to "Attempted Assault 2nd Degree PL 110-120.05 02 EF." The reference to "02" is to subsection (2) of § 120.05, one of the subsections that qualifies the offense as a "crime of violence."

As recognized by the Tenth Circuit in United States v. Zuniga-Chavez, 464 F.3d 1199 (10th Cir. 2006), Shepard does not apply when determining whether the government has satisfied its burden of proof as to the existence of a prior conviction. In Zuniga-Chavez, the defendant challenged whether the government had proved five prior offenses by use of a certified docket sheet, certified copy of an abstract of judgment, and court case summaries for the purpose of raising his offense level and criminal history. Id. at 1201. The

offense on the certified copy of the abstract of judgment was used to enhance the defendant's sentence as a felony drug trafficking offense. There was no question whether the prior offense, "possession of marijuana for sale," fell within the definition of a felony drug trafficking offense. The Tenth Circuit started its analysis with U.S.S.G. § 6A1.3(a) which states that the guidelines allow the use of information to make sentencing determinations so long as "the information has sufficient indicia of reliability to support its probable accuracy." Id. at 1203. It distinguished Shepard stating that opinion "did not address what documents can be used to prove the fact of a prior conviction." Id. at 1204. Rather, Shepard addressed "what documents can be used to prove . . . the facts underlying a [prior] conviction" when the elements of the state crime do not necessarily fall within a sentencing enhancement. Id. (emphasis omitted). The Tenth Circuit concluded that the certified docket sheet and certified abstract of judgment sufficed to prove the prior convictions. Id. at 1203. "A case summary obtained from a state court and prepared by a clerk — even if not certified by that court — may be sufficiently reliable evidence of conviction for purposes of enhancing a federal sentence where the defendant fails to put forward any persuasive contradictory evidence." Id. at 1205.

We agree with Zuniga-Chavez and conclude that the question in this case is whether the New York Certificates of Disposition have sufficient indicia of reliability to support their probable accuracy such that the documents can be used as evidence of Neri's prior conviction under the subsection of a statute that qualifies as a crime of violence.

Under New York law, a Certificate of Disposition is a judicial record of the offense of which the defendant was convicted and "constitutes presumptive evidence of the facts stated in such certificate." United States v. Green, 480 F.3d 627, 632 (2nd Cir. 2007) (quoting N.Y. CRIM. PROC. LAW § 60.60(1)).

> Such certificates are regularly considered by the New York courts in deciding whether the sentence on a given defendant should be enhanced on the ground that he has previously been convicted of a certain type of crime or a certain number of crimes.

Id. In other words, a Certificate of Disposition is admissible to determine the nature of a prior conviction and has sufficient indicia of reliability for the court to rely on it to establish this fact. However, the Certificate, is not conclusive and may be rebutted. For example, where the defendant shows a likelihood of human error in the preparation of the Certificate, the court may decline to rely on it. Id. at 631.

Neri produced no evidence calling into question the reliability of the Certificate, and the district court did not err in using it to establish that Neri had been convicted of a violation of subsection 02 of a New York statute, a crime of violence.

III.

For the foregoing reasons, Neri's sentence is AFFIRMED.


AFFIRMED.