# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 28, 2007

Charles R. Fulbruge III
Clerk

No. 07-50828
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDUARDO FLORES-ROSALES, also known as Andres Franco-Valereano

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1717-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Eduardo Flores-Rosales (Flores) appeals the sentence imposed following his guilty-plea conviction for illegal reentry into the United States following removal. Flores argues that the district court erred by applying a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his being removed following a conviction for a crime of violence. He maintains that his prior Arizona conviction for aggravated assault was not a conviction for a crime of violence because the Arizona statute is broader than the generic definition of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

aggravated assault and because the statute does not require the use of force as an element of the offense. He further maintains that the sentencing order produced by the Government was not sufficient evidence of his prior conviction.

As Flores did not produce rebuttal evidence, the sentencing order was sufficient evidence of his prior conviction. See United States v. Neri-Hernandes, 504 F.3d 587, 590-92 (5th Cir. 2007). That order showed that Flores was convicted of violating ARIZ. REV. STAT. ANN. §§ 13-1204(A)(2) and 13-1203(A)(2). While the Arizona statute is slightly broader than the offense of aggravated assault in the Model Penal Code, these differences are minor, and a conviction under that statute is a conviction for the offense of aggravated assault as enumerated in § 2L1.2, comment. (n.1(B)(iii)). See United States v. Mungia-Portillo, 484 F.3d 813, 815-17 (5th Cir.), cert denied, 128 S. Ct. 320 (2007); United States v. Guillen-Alvarez, 489 F.3d 197, 198-201 (5th Cir.), cert. denied, 128 S. Ct. 418 (2007).

Flores argues that his sentence was unreasonable because the district court employed impermissible double counting and, thus, improperly calculated his guidelines range by increasing both his offense level and criminal history points based on the same prior aggravated assault conviction. Citing United States v. Henry, 288 F.3d 657 (5th Cir. 2002), Flores further contends that his criminal history should not have been increased based on his prior aggravated assault conviction because it was an element of the illegal reentry offense.

The Guidelines do not prohibit double counting. See § 2L1.2, comment. (n.6); see also United States v. Gaytan, 74 F.3d 545, 560 (5th Cir. 1996). This court has approved of double counting under similar circumstances involving U.S.S.G. § 2K1.2. See United States v. Hawkins, 69 F.3d 11, 14-15 (5th Cir. 1995). Flores's reliance on Henry is misplaced as Henry is distinguishable from the instant case. See Henry, 288 F.3d at 659, 665. Accordingly, Flores has not shown that the district court erroneously calculated the guideline range of imprisonment.

When the district court imposes a sentence within a properly calculated guidelines range, little explanation is required, and this court will infer that the district court considered all of the factors for a fair sentence set forth in the Guidelines. United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). Flores has not demonstrated that the sentence imposed was unreasonable.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Flores challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.