# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2008

Charles R. Fulbruge III
Clerk

No. 07-40149
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SERGIO MAURICIO GUZMAN-SALDIVAR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-544-1

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sergio Mauricio Guzman-Saldivar (Guzman) pleaded guilty to an indictment charging him with illegal reentry following deportation. Guzman was sentenced to 37 months of imprisonment and a three-year term of supervised release. Guzman gave timely notice of his appeal.

Guzman contends that the district court erred in ruling that his prior New York conviction of third-degree rape was a "crime of violence" for purposes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of U.S.S.G. § 2L1.2.  See N.Y. PENAL LAW § 130.25 (McKinney 2004).  We review this question de novo.  See United States v. Villegas, 404 F.3d 355, 359-61 (5th Cir. 2005).  We reject Guzman's argument that the district court did not have competent evidence from which to determine the offense of conviction.  See United States v. Neri-Hernandes, ___ F.3d ___, 2007 WL 2966825, at *5 (5th Cir. Oct. 12, 2007).

Under § 2L1.2(b)(1)(A)(ii), a defendant's offense level is increased by 16 levels if, prior to deportation, he was convicted of a "crime of violence."  The offense of statutory rape is a crime of violence. § 2L1.2, comment. (n.1(B)(iii)).  Guzman was convicted under part 2 of § 130.25, under which a person is guilty of rape in the third degree when, "being twenty-one years old or more, he or she engages in sexual intercourse with another person to whom the actor is not married less than seventeen years old." § 130.25-2.  This statutory definition is consistent with a "common sense" meaning of the offense of statutory rape.  See United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005).  The district court did not err in applying § 2L2.1(b)(1)(A)(ii).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Guzman challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has held that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.