# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 12, 2008

Charles R. Fulbruge III
Clerk

No. 07-50512
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO DEON THOMPSON

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-2527-ALL

Before GARWOOD, GARZA and OWEN, Circuit Judges.

PER CURIAM:[*]

Mario Deon Thompson pleaded guilty to illegally reentering the United States following deportation. Thompson was sentenced to thirty-seven months of imprisonment and a three-year term of supervised release. Thompson timely appealed.

Thompson argues that the district court erred in applying, over his timely objection, a sentence enhancement pursuant to U.S.S.G. 2L1.2(b)(1)(A)(ii). The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enhancement was based on the district court's determination that Thompson's prior Florida conviction for aggravated battery was a crime of violence. Thompson does not argue that he was not charged with a crime of violence. Indeed, we have held that a conviction under FLA. STAT. ANN. § 784.045(1)(a)1 and 2 is a crime of violence. United States v. Dominguez, 479 F.3d 345, 347-49 (5th Cir.), cert. denied, 127 S.Ct. 2926 (2007). Thompson argues, however, that the information charging him with aggravated battery with great bodily harm pursuant to FLA. STAT. ANN. § 784.045(1)(a)1 was insufficient to prove that he was convicted under that same subsection of the statute. Thompson does not argue here, nor did he so argue in the district court, that he was actually convicted of any crime other than the specific crime alleged in the information. Absent such a claim, the information was sufficient to support the enhancement under § 2L1.2. See United States v. Torres-Diaz, 438 F.3d 529 (5th Cir.), cert. denied, 547 U.S. 1012 (2006). The district court's determination was further supported by a "Finding of Guilt and Order Withholding Adjudication and Special Conditions," which specified that Thompson pleaded guilty to aggravated battery with great bodily harm.[1] Although this document does not bear a judge's signature, it has a sufficient indicia of reliability to allow its use as evidence of Thompson's prior conviction under FLA. STAT. ANN. § 784.045(1)(a)1. See United States v. Neri-Hernandez, 504 F.3d 587, 591-92 (5th Cir. 2007). Nothing in the record suggests that it is not in fact a copy of the judgment of conviction (with

---

[1] Thompson, in his brief in this court, also seems to suggest that he might theoretically have been convicted of violating § 784.045(1)(b) which provides that "aggravated battery" includes any battery on a pregnant person (whom the defendant knows or should know is pregnant). Nothing in the record even remotely suggests this and certainly defendant never suggested below that he was actually convicted under § 784.045(1)(b). Moreover, not only does the information cite only § 784.045(1)(a) – and not (1)(b) – but it also contains no allegation or inference that the victim was pregnant (or even female), and hence the information did not state, or include, any charge under § 784.045(1)(b). Thompson's contentions in this respect are meritless, even if we were to assume, arguendo, that a § 784.045(1)(b) offense were not a crime of violence under § 2L1.2(b)(1)(A)(ii).

signature on missing second page).  The district court did not err in applying the enhancement under section 2L1.2.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Thompson challenges the constitutionality of section 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.  This court has stated that this issue is "fully foreclosed from further debate."  United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 2008 WL 59441 (Jan. 7, 2008).

AFFIRMED.