IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-40094
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JOSE JUAN SEGOVIA-PORTILLO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-810-1

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Juan Segovia-Portillo appeals from his guilty-plea conviction of being found in the United States after previous deportation, in violation of 8 U.S.C. § 1326(a) & (b), and the resulting sentence of 46 months of imprisonment. Segovia-Portillo argues that the district court erred by relying upon, inter alia, a New York certificate of disposition to determine that his New York conviction of first degree manslaughter was a crime of violence (COV) under U.S.S.G.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2L1.2(b)(1)(A)(ii) (2006). He also argues that the felony and aggravated felony provisions of § 1326(b) are unconstitutional.

The district court in Segovia-Portillo's case admitted into evidence a certificate of disposition that indicates that Segovia-Portillo entered a plea of guilty to violating the first subsection of the New York first degree manslaughter statute, N.Y. Penal Law § 125.20 (McKinney 1997). Segovia-Portillo concedes that a conviction under the first subsection of § 125.20 warrants a COV enhancement. New York certificates of disposition are presumptive evidence of the facts stated therein and are admissible to determine the nature of a prior conviction. United States v. Neri-Hernandes, 504 F.3d 587, 592 (5th Cir. 2007), cert. denied, 128 S. Ct. 1106 (2008). Certificates of disposition are not conclusive and may be rebutted. Id. However, as Segovia-Portillo produced no evidence calling into question the reliability of the certificate of disposition in his case, the district court did not err in using the certificate of disposition to establish that Segovia-Portillo was convicted of the first subsection of the New York first degree manslaughter statute, which is a COV. See id.

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Segovia-Portillo challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007), cert. denied, 128 S. Ct. 872 (2008).

For the foregoing reasons, the district court's judgment is AFFIRMED.