**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2011

Lyle W. Cayce
Clerk

No. 11-40047
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARDO JIMENEZ-TOVAR,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:09-CR-1339-1

Before DAVIS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Leonardo Jimenez-Tovar (Jimenez) appeals from his conviction of being found illegally in the United States following removal. He contends that the documents used to prove his 1983 California conviction of sale of a controlled substance did not prove that he committed a drug trafficking offense for purposes of the 12-level offense level adjustment of U.S.S.G. § 2L1.2(b)(1)(B). He asserts that California abstracts of judgment are unreliable as a matter of law; that the charging instrument is insufficient to prove a drug trafficking offense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it may have merely tracked the language of section 11352; and that the entry of plea document is insufficient because it contains check-off boxes, is not a transcript, and bears no judicial signature.

We review for plain error the issue whether Jimenez committed a drug trafficking offense, as Jimenez did not raise that issue in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To the extent that Jimenez challenged the adequacy of the documents to prove his conviction, his challenge on appeal to the documents should be reviewed de novo as to the district court's legal conclusions and for clear error as to its factual findings. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2009).

We employ the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 602 (1990), to determine whether a prior conviction qualifies as a drug-trafficking offense under § 2L1.2. *United States v. Rodriguez*, 523 F.3d 519, 524 (5th Cir. 2008); *United States v. Garza-Lopez,* 410 F.3d 268, 273 (5th Cir. 2005). In so doing, we look to the elements of the prior offense, rather than to the facts underlying the conviction. *Garza-Lopez,* 410 F.3d at 273. However, when a statute includes conduct that both does and does not constitute a drug trafficking offense, we may look to records of the conviction to determine whether the defendant's conduct fell under a statutory section constituting a drug trafficking offense. *United States v. Gutierrez-Ramirez,* 405 F.3d 352, 356, 359 (5th Cir. 2005). "Such records include the charging paper, a written plea agreement, the guilty-plea transcript, factual findings by the trial judge to which the defendant assented, and jury instructions." *Rodriguez,* 523 F.3d at 524.

The challenged documents here were not necessary to determine how Jimenez violated section 11352. The abstract and entry of plea document demonstrate that Jimenez's guilty plea was responsive to the two counts of the complaint alleging that he sold heroin. A clerical document like an abstract may

be used to prove the existence of a prior conviction. *See United States v. Moreno-Florean*, 542 F.3d 445, 449-50 & n.1 (5th Cir. 2008); *United States v. Neri-Hernandes*, 504 F.3d 587, 590-92 (5th Cir.2007). Here, the complaint charging Jimenez with the sale of heroin indicated how he violated section 11352; the challenged documents merely indicated that his guilty plea was responsive to the counts of the complaint alleging actual sale. The actual sale of heroin falls within the definition of a drug trafficking offense. *See* § 2L1.2, comment. (n.1(B)(iv)).

AFFIRMED.