**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 8, 2012

Lyle W. Cayce
Clerk

No. 10-31153
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TY ANTHONY WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-172-5

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ty Anthony Williams pleaded guilty to conspiracy to distribute cocaine and cocaine base ("crack"). Based on his career offender status, Williams's advisory guidelines range was determined to be 262 to 327 months of imprisonment. The district court imposed a below-guidelines sentence of 240 months of imprisonment. Citing to *Shepard v. United States*, 544 U.S. 13 (2005), Williams argues that the district court plainly erred in applying the career offender enhancement because the Government failed to support the predicate

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions "with sufficient *Shepard*-approved documents." He also contends that the 240-month sentence is substantively unreasonable.

Williams did not raise the instant challenge to the career offender enhancement before the district court. Thus, as he acknowledges, review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To show plain error, Williams must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Williams makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Williams is not challenging whether his prior convictions constitute "controlled substance offenses" within the meaning of U.S.S.G. § 4B1.2(b). Rather, he challenges only the existence of the prior convictions. Thus, his reliance on *Shepard* is misplaced. *See United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007). In the district court, Williams failed to offer any rebuttal evidence to the facts contained in the PSR, including the existence of his 2001 conviction for possession of cocaine with intent to distribute and his 1998 conviction for attempted possession of cocaine with intent to distribute. *See United States v. Solis*, 299 F.3d 420, 455 (5th Cir. 2002). Evidence in the record supports the district court's application of the career offender enhancement pursuant to U.S.S.G. § 4B1.1(a). As such, there was no procedural error with regard to the calculation of Williams's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Furthermore, the record reveals that the district court made an individualized sentencing decision based on the facts of the case and in light of the 18 U.S.C. § 3553(a) factors. *See id.* at 49-50. Accordingly, Williams's sentence is AFFIRMED.