# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 24, 2013

Lyle W. Cayce
Clerk

No. 12-50789
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARCELINO MARTINEZ-GARZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-53-1

Before REAVLEY, JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

Jose Marcelino Martinez-Garza appeals the 60-month sentence imposed following his guilty plea conviction for illegal reentry into the United States after deportation. He argues that the sentence, which was above the advisory guidelines range of 46 to 57 months of imprisonment, was substantively unreasonable. In particular, he argues that the guidelines range greatly overstated the seriousness of his illegal reentry offense because U.S.S.G. § 2L1.2 lacks an empirical basis and because his prior crime of violence conviction for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

voluntary manslaughter was used to increase both his offense level and his criminal history, resulting in double counting. He also asserts that the sentence was substantively unreasonable because the district court did not consider various mitigating factors and gave undue consideration to the allegation of sodomy of the manslaughter victim, which was not a factfinding made by a court or a jury.

Because Martinez-Garza did not object to the substantive reasonableness of the sentence, we review for plain error. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

The sentence imposed by the district court was not substantively unreasonable. We have rejected similar challenges to § 2L1.2. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Flores-Rosales*, 260 F. App'x 729, 730 (5th Cir. 2007). After considering Martinez-Garza's allocution and arguments, the properly calculated advisory guidelines range, and the 18 U.S.C. § 3553(a) factors, the district court determined that a 60-month sentence was warranted based on his prior voluntary manslaughter conviction, the danger to the public posed by his criminal history, his lack of respect for the law reflected in his quick return to the United States after removal, and the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter future criminal conduct. He is essentially asking this court to reweigh the sentencing factors, which we will not do. *See United States v. McElwee*, 646 F.3d 328, 343-44 (5th Cir. 2011).

The sentence did not exceed the statutory maximum sentence of 20 years of imprisonment, *see* 8 U.S.C. § 1326(a) & (b)(2), and we have affirmed similar upward variances that do not exceed the statutory maximum sentence as substantively reasonable. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Accordingly, the judgment of the district court is AFFIRMED.