# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40488
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 11, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAFAEL CABRERA-CANALES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2083-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Rafael Cabrera-Canales ("Canales") pleaded guilty without a written plea agreement to illegal reentry after deportation. He appeals his within-guidelines sentence, challenging the sixteen-level enhancement he received for a "crime of violence" ("COV"). We AFFIRM.

Following Canales's guilty plea, a pre-sentence report (PSR) was prepared in which a base offense level of eight was assessed pursuant to U.S.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40488

SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 2L1.2(a) (2012).  The PSR
then enhanced that base offense level by sixteen levels pursuant to
§ 2L1.2(b)(1)(A)(ii), on the ground that Canales's 2006 Connecticut conviction
under Connecticut General Statutes § 53-21 for "risk of injury to a minor" was
a COV.  The district court concluded that the prior conviction was a COV
because it constituted the enumerated offense of "sexual abuse of a minor."
Canales challenges this determination on two grounds:  (1) he contends that
the documentation the Government provided is insufficient to show under
which subsection of section 53-21 he was convicted; and (2) even if the
documentation shows that he was convicted under subsection 53-21(a)(2), this
subsection is "overbroad" such that his conviction does not fit within the
"generic, contemporary meaning" of the phrase "sexual abuse of a minor."  We
address each argument in turn.

The PSR relied upon the following documents to establish Canales's
conviction:  (1) a document entitled "Instructions to Clerk," which was signed
by the assistant clerk, reflecting a judgment against Canales for violating
CONN. GEN. STAT. § 53-21(a)(2) and sentence of two years and one day of
imprisonment and five years of "special parole"; (2) a "Long Form Criminal
Information Worksheet," which was signed by prosecutor, clerk, and the judge,
reflecting that Canales entered a plea of nolo contendere and was adjudged
guilty of violating CONN. GEN. STAT. § 53-21(a)(2) and was sentenced to two
years and one day of imprisonment and five years of special parole; and (3) a
document entitled "Title, Allegation and Counts," signed by the Assistant State
Attorney, reflecting that Canales was charged with risk of injury to a minor,
in violation of CONN. GEN. STAT. § 53-21 (Count One) and sexual assault, first,
in violation of CONN. GEN. STAT. § 53a-70 (Count Two).  The district court found
that the Probation Office had secured the equivalent of a judgment in the form

2

No. 13-40488

of the "Long Form Criminal Information Worksheet," which reflected that the statute of conviction was CONN. GEN. STAT. § 53-21(a)(2).

Canales contends that the Connecticut documents are insufficient to show that he was convicted of any specific subsection of section 53-21; he also contends that because he pleaded "nolo contendere" rather than "guilty," these documents cannot be used to narrow his offense conduct. Contrary to Canales's assertion, a district court may consider state adjudicative documents to determine the proof of existence of the prior conviction. *See United States v. Neri-Hernandes*, 504 F.3d 587, 591–92 (5th Cir. 2007). Further, as the challenged documents here were not used to narrow section § 53-21 based upon the *facts* underlying Canales's offense, *Shepard v. United States*, 544 U.S. 13 (2005), does not apply. *See* 504 F.3d at 591; *United States v. Moreno-Florean*, 542 F.3d 445, 449–50 & n.1 (5th Cir. 2008) (using the defendant's indictment and a California abstract of judgment to prove the existence of a prior conviction, where the abstract of judgment was not being used to narrow the statute of conviction based upon the facts underlying the offense). Rather, they were relied upon by the district court to establish of which subsection of CONN. GEN. STAT. § 53-21 Canales was convicted.[1]

Under the circumstances of the present case, as in *Moreno-Florean*, 542 F.3d at 449–50 & n.1, and *Neri-Hernandes*, 504 F.3d at 590–92, the state adjudicative documents, and especially the Long Form Criminal Information Worksheet, which was signed by the trial judge and which the district court found to be the equivalent of a judgment, were properly used to determine that

---

[1] Canales argues that *Neri-Hernandes* is not good law because it contradicted the holding of a prior case, *Omari v. Gonzalez*, 419 F.3d 303 (5th Cir. 2005). *Omari*, however, involved the use of documents to determine the facts of the offense, while *Neri-Hernandes* involved the use of documents that directly identified the statutory subsection of conviction, making the cases distinguishable. *Compare Omari*, 419 F.3d at 308–09, *with Neri-Hernandes*, 504 F.3d at 590–92.

No. 13-40488

Canales pleaded nolo contendere to violating CONN. GEN. STAT. § 53-21(a)(2). Thus, the district court's finding that the adjudicative documents, and especially the Long Form Criminal Information Worksheet, reflected the statute of conviction as CONN. GEN. STAT. § 53-21(a)(2) was not clearly erroneous. *See United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011) (a district court's factual findings in sentencing are reviewed for clear error).[2]

Turning to the question of whether the Connecticut conviction constitutes "sexual abuse of a minor," section 53-21(a)(2) states: "Any person who . . . (2) has contact with the intimate parts . . . of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . [commits an offense]." CONN. GEN. STAT. ANN. § 53-21(a)(2) (West 2005). In the district court, Canales argued that "intimate parts" was not adequately defined and could include the child's head, feet, or hands. The district court overruled this objection, noting "[i]ntimate parts [under Connecticut law was] defined as the genitalia area, groin, anus, inner thighs, buttocks or breast," *see* CONN. GEN. STAT. ANN. § 53a-65 (West 2005), and that section 53-21(a)(2) included contact with the intimate parts "in a sexual and indecent manner likely to impair the health or morals of [a] child," *see* CONN. GEN. STAT. ANN. § 53-21(a)(2).

On appeal, Canales makes an argument not specifically raised to the district court:[3] that contact with a minor's "intimate parts" "in a sexual and

---

[2] Canales's argument that his plea of nolo contendere does not admit facts is irrelevant. The entry of a nolo plea does not affect the result of this case because the relevant question under the Guidelines is whether the defendant has a conviction for a COV, not whether he has admitted to being guilty of such a crime. *See* U.S.S.G. § 2L1.2(b)(1)(A).

[3] Canales's written objection was that this was not a "drug trafficking offense." At the sentencing hearing, his counsel explained that this was a mistake and he meant to object to the documentation. His counsel further argued: "I have to speak as to what he was really

No. 13-40488

indecent manner likely to impair the health or morals of such child" is not "abuse" within the meaning of "sexual abuse of a minor." Accordingly, we review this contention for plain error. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012).

We recently examined how to approach the definition of "sexual abuse of a minor." *See United States v. Rodriguez*, 711 F.3d 541 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). We clarified the method used to determine "the 'generic, contemporary meaning' of non-common-law offense categories enumerated in the federal sentencing enhancements" and adopted a "plain-meaning" approach. *Id.* at 552. Under that approach, this court first must identify the enumerated offense categories that trigger the sentencing enhancement and determine whether the meaning of the offense categories is apparent from the language of the relevant enhancement or its applicable commentary. *Id.* at 552, 557–58. If the meaning is unclear, this court must assess whether the offense categories are defined under common law. *Id.* at 552, 558–59. If the offense categories are not defined under common law, this court must derive their "'generic, contemporary meaning'" from their "common usage as stated in legal and other well-accepted dictionaries." *Id.* at 552, 559–61. Finally, this court must look to the state statute of conviction and assess whether "those elements comport with the generic meaning of the enumerated offense category." *Id.* at 552–53, 562.

We have previously held that the term "abuse" "involve[s] either physical or psychological harm to the minor." *United States v. Izaguirre-Flores*, 405 F.3d 270, 275 (5th Cir. 2005); *see also Rodriguez*, 711 F.3d at 562. We conclude

---

charged with in this case. I also have a serious question as to the side of it as being brought to us. What are intimate parts? You know . . . that could mean the head, the feet[], the hands of a child? So . . . I wanted to make clear that I'm objecting to this enhancement based on what we have here."

No. 13-40488

that it is not error, plain or otherwise, to determine that touching the "intimate parts" of a minor "in a sexual and indecent manner likely to impair the health or morals of such child" involves at least "psychological harm,"  sufficient to constitute "abuse" within the meaning of the Guidelines.[4] *See United States v. Chacon*, 742 F.3d 219 (5th Cir. 2014) (holding that "intentional touching [by or to a minor] of the victim's or actor's genital, anal, or other intimate area for sexual arousal or gratification" constitutes "sexual abuse of a minor" (quoting MD. CODE ANN., CRIM. LAW §§ 3-301(a)(3), 3-307(f) (2002))); *cf. State v. Thomas W.*, 974 A.2d 19, 28 (Conn. App. Ct. 2009) ("The general purpose of § 53-21 is to protect the physical and psychological well-being of children from the potentially harmful conduct of adults." (citation and internal quotation marks omitted)).

AFFIRMED.

---

[4]   As Canales concedes, his argument that an age-differential requirement is necessary for "sexual abuse of a minor" is foreclosed. *Rodriguez*, 711 F.3d at 562 n.28.