# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40627
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HECTOR RAMON PERALTA-MEJIA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:12-CR-2093-1

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Hector Ramon Peralta-Mejia challenges the 41-month prison sentence imposed following his guilty-plea conviction for being found in the United States after a previous deportation, in violation of 8 U.S.C. § 1326 (reentry of removed aliens). He contends the district court erred in assessing a 16-level crime-of-violence enhancement, based on his prior conviction under New York Penal Law § 130.25 (rape in the third degree).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 13-40627

The court found all subsections of § 130.25 fit within the generic meaning of enumerated offenses listed in the definition of "crime of violence" under Sentencing Guideline § 2L1.2 (unlawfully entering or remaining in the United States).  Peralta contends there was insufficient evidence to determine under which section he was convicted, and that this court must vacate his sentence if any subsection of § 130.25 does not qualify as a crime of violence.  Along that line, Peralta asserts § 130.25(2), sexual intercourse with a person under 17, involves the least culpable conduct, and does not qualify.

Regarding § 130.25(2), this court has held previously, in unpublished opinions, that the offense constitutes a crime of violence under Guideline § 2L1.2(b)(1)(A)(ii).  *United States v. Guzman-Saldivar*, 262 F. App'x 594, 594 (5th Cir. 2008); *United States v. Gonzalez-Alonzo*, 204 F. App'x 359, 360 (5th Cir. 2006).  In the light of these opinions, it is unavailing for Peralta to challenge the court's finding as to subsection two.  As Peralta concedes in the light of our following controlling precedent, it is also unavailing for him to contend the age of consent is 16 for purposes of the generic, contemporary meanings of sexual abuse of a minor and statutory rape.  *United States v. Rodriguez*, 711 F.3d 541, 548, 562 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013) (recognizing this court uses age of consent as defined by state statute).  He presents the issue to preserve it for possible further review.

AFFIRMED.