[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-15143
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-10039-JEM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERMAN ARIAS-UCETA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 11, 2015)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

German Arias-Uceta appeals his 30-month sentence for illegal reentry into the United States after having been previously removed and deported, in violation of 8 U.S.C. § 1326(a), (b)(1). He argues that the district court erred in applying a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B) for having been previously deported after having been convicted of a drug trafficking offense, because there was not sufficient reliable evidence for the district court to have concluded that his prior narcotics conviction was a drug trafficking offense. He also argues that the district court erred in applying a preponderance of evidence standard to determine whether his prior narcotics conviction constituted a drug trafficking offense under § 2L1.2(b)(1)(B). He asserts that the district court should have applied a clear and convincing evidence standard because the enhancement had an extreme disproportionate effect on his sentence. After reviewing the parties' briefs and the record, we affirm.

# I

In December of 2013, a federal grand jury charged Mr. Arias-Uceta with knowingly and unlawfully reentering the United States after having been previously removed in violation of 8 U.S.C.§ 1326(a) and (b)(1). Mr. Arias-Uceta pled guilty to the charge. He was given a base offense level of 8, and criminal history category of IV based on his prior convictions.

2

The probation office recommended a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B), because Mr. Arias-Uceta had been previously convicted of a "felony drug trafficking offense for which the sentence imposed was 13 months or less."[1] That conviction was described in the presentence investigation report as "[a]ttempted [c]riminal [p]ossession [of a] [c]ontrolled [s]ubstance in the [t]hird [d]egree [w]ith the [i]ntent to [d]istribute [o]xycodone." The report further explained that, "[a]ccording to records maintained by the Supreme Court of the State of New York, . . . [Mr. Arias-Uceta's] co-conspirators fraudulently obtained numerous prescriptions of oxycodone from a CVS pharmacy. [Mr. Arias-Uceta] paid his co-defendant $11,070 cash to purchase the oxycodone from the pharmacy, and she was delivering the pills to [Mr. Arias-Uceta]." After applying a two-level reduction for acceptance of responsibility and a one-level reduction for assisting authorities in the investigation of his own misconduct the probation officer set the total offense level at 17. With a criminal history category of IV, Mr. Arias-Uceta had an advisory guideline imprisonment range of 37 to 46 months.

---

[1] The initial presentence report added an 8-level enhancement under U.S.S.G. § 2L1.2(b)(1)(C), instead of a 12-level enhancement under § 2L1.2(b)(1)(B), because the probation officer had concluded that Mr. Arias-Uceta's New York narcotics conviction was an aggravated felony. Mr. Arias-Uceta filed an objection to the report in writing before the sentencing hearing, arguing that the government had failed to establish that the crime of which he had been previously convicted constituted an aggravated felony, because the report failed to cite the statute and subsection under which he was convicted or any underlying details of the conviction. The amended presentence investigation report recommended a 12-level enhancement under § 2L1.2(b)(1)(B).

At the initial sentencing hearing in July of 2014, Mr. Arias-Uceta argued that the government failed to establish by a preponderance of the evidence that he had been previously convicted of a "felony drug trafficking offense" under § 2L1.2(b)(1)(B) because neither the charging document nor the judgment for his prior offense supported such a finding. The two documents, Mr. Arias-Uceta asserted, were ambiguous as to whether he had been convicted of mere possession of oxycodone or possession with intent to sell, as they did not specify the subsection of the New York statute under which he was convicted. In light of the ambiguity, the district court continued the hearing to allow the government to obtain a certified copy of the New York conviction.

In November of 2014, at the continuation of the sentencing hearing, the government introduced into evidence a certificate of disposition from the clerk of the New York Supreme Court, which stated that "from an examination of the records on file . . . [Mr. Arias Uceta] entered a plea of guilty to the crime[ ] of attempted criminal possession of a controlled substance [in the] 3rd degree [under N.Y.] PL 110-220.16 01 CF (dangerous drug)" which involves "criminal possession of a controlled substance in the third degree [for] knowingly and unlawfully possess[ing] . . . a narcotic drug with intent to sell it." Mr. Arias-Uceta argued, however, that the certificate of disposition was not a *Shepard*-approved document, and, as such, the

district court could not consider the document when determining whether the 12-level enhancement was proper.[2]

The district court ultimately determined that "[it] th[ought] [it] had[d] sufficient [sic] to determine that [Mr. Arias-Uceta] was convicted of a crime which qualifies for the 12 level enhancement," and applied § 2L1.2(b)(1)(B), which gave Mr. Arias-Uceta an advisory guideline range of 37 to 46 months.[3] Mr. Arias-Uceta requested a sentence below that range, and the district court granted the request, sentencing him to 30 months.

On appeal, Mr. Arias-Uceta argues the district court erred in applying § 2L1.2(b)(1)(B)'s 12-level enhancement, because the charging document and judgment were ambiguous as to whether his previous narcotics offense involved an "intent to sell," and the court improperly considered the certificate of disposition to support the enhancement. He also claims that the district court erred in applying a preponderance of the evidence standard to determine the predicate facts relating to his prior conviction. The district court, in his view, should have used a clear and convincing evidence standard because the enhancement caused an extremely disparate effect on his overall sentence.

---

[2] *See generally Shepard v. United States*, 544 U.S. 13 (2005).

[3] The district court also observed, before determining whether to apply the enhancement, that "the problem is that he's been deported . . . three times already," and then stated that "[e]ven with a lower guideline [range], [it] might be inclined to give him the same sentence."

## II

We "review[ ] the district court's sentencing hearing findings of fact for clear error and its application of the sentencing guidelines to those facts *de novo*." *United States v. Williams*, 340 F.3d 1231, 1235 (11th Cir. 2003) (internal quotation marks and citations omitted). When determining whether a prior conviction under a divisible statute—one setting out one or more elements of the offense in the alternative—is a qualifying offense for enhancement purposes, we apply a "modified categorical approach." *See United States v. Ramirez-Flores*, 743 F.3d 816, 820-21 (11th Cir. 2014). "If at least one of the alternative elements [of the statute] matches the [ ] definition, we may 'consult a limited class of documents . . . to determine which alternative element formed the basis of the defendant's prior conviction.'" *Id.* at 820 (citing *United States v. Descamps*, 133 S.Ct. 2276, 2285 (2013)). The Supreme Court, in *Shepard v. United States*, 544 U.S. 13 (2005), limited the set of materials that a district court may consider to "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Id.* at 26.

6

**A**

A certificate of disposition in New York "is a judicial record of the offense of which the defendant has been convicted." *United States v. Green*, 480 F.3d 627, 632 (2d Cir. 2007). Specifically, New York law provides that:

> A certificate issued by a criminal court, or the clerk thereof, certifying that a judgment of conviction against a designated defendant has been entered in such court, constitutes presumptive evidence of the facts stated in such certificate.

N.Y. Crim. Proc. Law § 60.60(1). Although we have never determined whether a certificate of disposition is a type of "comparable judicial record" under *Shepard*, we agree with the Second Circuit, which is more familiar with New York law, that it is. The Second Circuit considers "a New York Certificate of Disposition as the type of judicial record that the *Shepard* Court indicated a federal district court may consider in an effort to determine the nature of the New York offense to which a federal defendant has previously pleaded guilty." *Green*, 480 F.3d at 533. So does the Fifth Circuit. *United States v. Neri-Hernandes*, 504 F.3d 587, 592 (5th Cir. 2007) (holding that "a Certificate of Disposition is admissible to determine the nature of a prior conviction and has sufficient indicia of reliability for the court to rely on it to establish fact").

We, therefore, hold, like the Second and Fifth Circuits, that a New York certificate of disposition is admissible to determine the nature of a defendant's predicate conviction, but "is not conclusive." *See Green*, 480 F.3d at 633. A defendant

may present evidence to rebut the certificate's veracity or persuasiveness, and the burden remains with the government to prove that an enhancement is applicable. *Id.* at 633-35. *See also Neri-Hernandes*, 504 F.3d at 592 ("However, the Certificate, is not conclusive and may be rebutted. For example, where the defendant shows a likelihood of human error in preparation of the Certificate, the court may decline to rely on it.").

Here, the district court properly considered the New York charging document, the judgment, and the certificate of disposition when determining whether Mr. Arias-Uceta's prior narcotics conviction qualified as a drug trafficking conviction under § 2L1.2(b)(1)(B). Based on its review of these documents, the district court determined it had sufficient evidence to determine that Mr. Arias-Uceta was convicted of § 2L1.2(b)(1)(B) a qualifying offense. This finding was not clearly erroneous.

## B

Mr. Arias-Uceta next argues, relying on a Ninth Circuit case, that the district court erred by not applying a clear and convincing evidence standard to determine whether § 2L1.2(b)(1)(B) applied, because the enhancement had an "extremely disproportionate effect on [his] sentence." *See United States v. Mezas de Jesus*, 217 F.3d 638, 642 (9th Cir. 2000). Although Mr. Arias-Uceta's argument may be supported by *Mezas de Jesus*, our binding precedent forecloses it. We have repeatedly held that a preponderance of evidence standard is sufficient to establish the predicate facts for a sentencing adjustment or enhancement. *See United States v. Woodard*, 459

F.3d 1078, 1088 n.9 (11th Cir. 2006); *Unites States v. Rodriguez*, 398 F.3d 1291, 1296 (11th Cir. 2005); *United States v. Agis-Meza*, 99 F.3d 1052, 1055 (11th Cir. 1996). And we have specifically rejected the use of the clear and convincing evidence standard. *See United States v. Whitesell*, 314 F.3d 1251, 1255 (11th Cir. 2002).

## III

We affirm Mr. Arias-Uceta's sentence.

**AFFIRMED.**