United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41796
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NERLIN NOEL FLOREZ-FLOREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CR-540-1

_____

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Nerlin Noel Florez-Florez appeals his sentence following a guilty-plea conviction for illegal reentry into the United States by a previously deported alien in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred in assessing two criminal history points for a prior attempted robbery conviction while he was a juvenile. Based upon our review of the record, we

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conclude that the district court did not err in assessing these criminal history points because Florez did not present evidence to the district court indicating that he was released from custody for this offense more than five years before he was arrested for the instant offense.[1]  We do not consider facts that were not presented to the district court.[2]

Florez also argues that the district court erred by assessing a criminal history point for his prior conviction for "fare-beating," or avoiding payment of a transportation fare.  Although this offense is not specifically listed as an excluded offense under Guideline § 4A1.2(c)(1), we conclude that this offense is similar to a listed offense and that the district court erred by not excluding it.[3]

The erroneous inclusion of this single criminal history point increased Florez's criminal history category from III to IV, which

---

[1] *See* U.S.S.G. § 4A1.1(b) & cmt. 2; § 4A1.2(d)(2)(A) & cmt. 7.

[2] *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999) (explaining that we may not consider new evidence furnished for the first time on appeal or facts which were not before the district court at the time of the challenged ruling); *United States v. Alford*, 142 F.3d 825, 832 (5th Cir. 1998) (holding that the district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence).

[3] *See United States v. Hardeman*, 933 F.2d 278, 280-81 (5th Cir. 1991) (describing analysis of similar offenses under § 4A1.2(c)(1)); *see also United States v. Sanders*, 205 F.3d 549, 553-54 (2d Cir. 2000) (applying *Hardeman* factors and concluding "fare-beating" is an excludable offense).

in turn increased the applicable range of imprisonment and therefore resulted in a sentence outside of the correct range. Therefore, we vacate his sentence and remand this case to the district court for resentencing consistent with this opinion.

SENTENCE VACATED; REMANDED FOR RESENTENCING.