# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41330

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS ALDOLFO MAZAREGO-SALAZAR, also known as David L. Nazarego,
also known as Luis Diaz

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1190-1

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Luis Aldolfo Mazarego-Salazar pleaded guilty to
being found in the United States following deportation and was sentenced to
70 months in prison. He appeals from his sentence, arguing that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 13-41330

court erred by (1) applying, over his objection, a 16-level "crime of violence" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for a 2005 New York state conviction for assault second degree, and (2) erroneously calculating his criminal history points by including two separate prior convictions for intent to obtain transportation without paying. For the reasons set out below, we AFFIRM the 16-level crime of violence enhancement, VACATE the criminal history points determination, and REMAND for resentencing consistent with this opinion.

## FACTS AND PROCEEDINGS

Mazarego-Salazar pleaded guilty to being found in the United States following deportation. The presentence investigation report ("PSR"), assigned a base offense level of 8 and increased it by 16 levels because Mazarego-Salazar had a 2005 New York state conviction for assault second degree, which the PSR characterized as a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). After a two-level reduction for acceptance of responsibility, the total offense level was 22. Mazarego-Salazar objected to the 16-level enhancement, arguing that the documentation submitted by the Government was insufficient to support a finding that the prior conviction was a crime of violence.

The PSR assigned Mazarego-Salazar a total of 11 criminal history points for a criminal history category V. This calculation included two points for two separate convictions for intent to obtain transportation without paying. Mazarego-Salazar filed no objection to these two criminal history points. The resulting Guidelines range was 77 to 96 months or 70 to 87 months in prison if he was given a third point for acceptance of responsibility.

2

No. 13-41330

At sentencing, the Government moved that Mazarego-Salazar be given the third level for acceptance of responsibility. Mazarego-Salazar again argued that the document submitted to support the 16-level crime of violence enhancement (discussed below) was not a certified document. The district court overruled the objection, finding that the document in question was "a judgment reflecting the charge, the plea[,] and the sentence." The district court found that a Guidelines sentence was appropriate and sentenced Mazarego-Salazar to 70 months in prison. Mazarego-Salazar timely filed a notice of appeal.

On appeal, Mazarego-Salazar reurges his objection to the 16-level crime of violence enhancement and argues for the first time that his two prior convictions for intent to obtain transportation without paying should not have been used to calculate his criminal history points.

## CRIME OF VIOLENCE ENHANCEMENT UNDER § 2L1.2(b)(1)(A)(ii)

Mazarego-Salazar primarily argues that the district court erred in characterizing his 2005 New York assault conviction as a crime of violence because the state court documents supporting the conviction did not satisfy the certainty requirement of *Shepard v. United States*, 544 U.S. 13 (2005), i.e., whether we may determine from appropriate documentation whether his "prior conviction 'necessarily' involved (and a prior plea necessarily admitted) facts equating to" a crime of violence.[1] Under *Gall v. United States*, 552 U.S. 38, 51 (2007), this court reviews a sentence for reasonableness whether it is

---

[1] 544 U.S. at 24.

within or outside of the guidelines range.[2] In conducting this review, the court "must first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range."[3]

A defendant convicted of illegal reentry is subject to a Guidelines enhancement if he was convicted of a "crime of violence" prior to his removal or deportation. U.S.S.G. § 2L1.2(b)(1)(A)(ii). This court reviews de novo whether a prior conviction qualifies as a crime of violence within the meaning of the Guidelines when a defendant raises the issue in the district court.[4] Before a district court may impose a sentencing enhancement such as § 2L1.2(b)(1), the Government must prove by a preponderance of the evidence any facts necessary to justify the enhancement.[5] The district court's factual findings are reviewed for clear error.[6] A factual finding is not clearly erroneous if it is plausible in light of the record as a whole.[7] This court will find clear error only if a review of the record results in a "definite and firm conviction that a mistake has been committed."[8]

Under *Shepard*, a court making a determination under § 2L1.2 may look beyond the statute of conviction to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and

---

[2] *United States v. Rodriguez*, 711 F.3d 541, 547 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013).

[3] *Gall*, 552 U.S. at 51.

[4] *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

[5] *See Rodriguez*, 630 F.3d at 380.

[6] *Id.*

[7] *Id.*

[8] *Id.* (internal quotation marks and citation omitted).

4

defendant in which the factual basis for the plea was confirmed by the defendant, or to some other comparable judicial record of this information.'"[9]

In this case, the Government introduced a seven-count indictment that charged Mazarego-Salazar in count two with assault in the second degree under New York Penal Code § 120.05(2). Mazarego-Salazar concedes that *United States v. Neri-Hernandes*, 504 F.3d 587, 589 n.1 (5th Cir. 2007), held that this is a crime of violence under § 2L1.2(b)(1)(A)(ii). Mazarego-Salazar argues that the untitled handwritten document submitted by the Government to show that he pleaded guilty to that particular charge was not adequate because, among other things, it contained no certification regarding the source of the information provided.[10]

The document is a two-page printed form whose first page is headed by the words "Supreme Court of the State of New York" and provides spaces for the case name and indictment number. Both pages contain boxes for each step in the criminal proceeding, with spaces in each to identify the officials and counsel present at each stage. On Mazarego-Salazar's form, the boxes for Arraignment, Plea, and Sentence are filled in, setting out the individuals present and relevant comments. The Plea box indicates a guilty plea to second degree assault in count 2 for § 120.05(2). Printed at the bottom of the Sentence box is the statement "DEFENDANT GIVEN WRITTEN NOTICE OF HIS RIGHT TO APPEAL" with a checkbox beside it and signature line below it.

---

[9] *Shepard*, 544 U.S. at 26; *United States v. Garcia-Arrellano*, 522 F.3d 477, 480 (5th Cir. 2008).

[10] *See Neri-Hernandes*, 504 F.3d 590-92.

No. 13-41330

The box is checked, and the form is signed by the Honorable Carol Berkman, Justice of Supreme Court.

The document in question appears to have been generated by clerical staff, and, generally, these types of documents are not *Shepard*-approved.[11] Nevertheless, this court has indicated that a clerical-type document may be used simply to prove the basis of the underlying conviction, not determine the underlying facts.[12] In *Neri-Hernandes*, for instance, we determined that New York certificates of disposition could be used to identify the precise subsection of the statute under which a defendant was convicted if the certificates had "sufficient indicia of reliability to support their probable accuracy."[13] Furthermore, we specifically noted that the defendant produced no evidence challenging the reliability of the certificate.[14]

Thus, whether the document relied on here to prove the existence of the conviction is of the type approved by *Shepard* appears to be irrelevant, despite Mazarego-Salazar's arguments to the contrary.[15] Mazarego-Salazar has

---

[11] *United States v. Gutierrez-Ramirez*, 405 F.3d 352, 357-59 (5th Cir. 2005) (determining that a California abstract of judgment, which was generated by court clerical staff, could not be used in the categorical approach to prove a crime of violence).

[12] *See United States v. Moreno-Florean*, 542 F.3d 445, 449-50 & n.1 (5th Cir. 2008) (using the defendant's indictment and a California abstract of judgment to prove the existence of a prior conviction, where the abstract of judgment was not being used to narrow the statute of conviction based upon the facts underlying the offense).

[13] 504 F.3d at 590-92

[14] *Id.* at 592. We also noted that "*Shepard* does not apply when determining whether the government has satisfied its burden of proof as to the existence of a prior conviction." *Id.* at 591.

[15] *See Neri-Hernandes,* 504 F.3d at 592. We quoted with approval the Tenth Circuit's reasoning that "'[a] case summary obtained from a state court and prepared by a clerk—even if not certified by that court—may be sufficiently reliable evidence of conviction for purposes of enhancing a federal sentence where the defendant fails to put forward any persuasive

No. 13-41330

produced no evidence challenging the reliability of the document in question, and the Government is using it only to show that he was convicted of assault in the second degree under New York Penal Code § 120.05(2), not to determine the underlying facts. Moreover, Mazarego-Salazar has not asserted at any time that he was not in fact convicted of that crime. Accordingly, we hold that the district court did not err in imposing the 16-level crime of violence enhancement under § 2L1.2(b)(1)(A)(ii), and we affirm that part of the sentence.

## CRIMINAL HISTORY POINTS

Next, Mazarego-Salazar argues that the district court committed reversible plain error in assessing criminal history points based on his two convictions for intent to obtain transportation without paying, commonly known as fare beating. As noted above, Mazarego-Salazar filed no objection to these two criminal history points. He concedes that that review of this issue is for plain error only. To show plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.[16] If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'"[17]

Mazarego-Salazar cites *United States v. Sanders*, 205 F.3d 549, 553-54 (2d Cir. 2000), and *United States v. Florez-Florez*, 74 F. App'x 363, 364 n.1 (5th

---

contradictory evidence.'" *Id.* at 591 (quoting *United States v. Zuniga-Chavez*, 464 F.3d 1199, 1205 (10th Cir. 2006)).

[16] *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

[17] *Id.* (alteration in original) (quoting *United States v. Olano,* 507 U.S. 725, 736 (1993)).

No. 13-41330

Cir. 2003), for the proposition that fare beating is a petty offense that should be excluded from the criminal history score pursuant to U.S.S.G. § 4A1.2(c)(1). The Government concedes the substance of these cases but asserts that they are insufficient to establish plain error because neither case is binding precedent. That is not correct. Even if a decision is persuasive authority only, it does not affect its utility in establishing an error as plain or obvious.[18] Accordingly, under both *Sanders* and *Florez-Florez*, it was clear error to include the two fare beating cases in Mazarego-Salazar's criminal history points calculation.

To show that a sentencing error affected his substantial rights, Mazarego-Salazar must demonstrate a reasonable probability that he would have received a lesser sentence but for the error.[19] It is undisputed that without the error his criminal history category would have been IV rather than V, and his guidelines range would have been 51 to 71 months rather than 70 months to 87 months in prison. The 70-month term of imprisonment imposed is at the bottom of the guidelines range used by the district court but near the top of the guidelines range that should have applied. When a sentence falls within both the correct and incorrect guidelines ranges, this court has "shown considerable reluctance in finding a reasonable probability that the district court would have settled on a lower sentence."[20]

---

[18] *United States v. Medina-Torres*, 703 F.3d 770, 777 (5th Cir. 2012).

[19] *See United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010).

[20] *United States v. Blocker*, 612 F.3d 413, 416 (5th Cir. 2010) (applying the reasonable probability test required for plain error review) (internal quotation marks and citation omitted); *but see United States v. Price*, 516 F.3d 285, 289 & n.28 (5th Cir. 2008) (finding the reasonable probability of a shorter sentence where sentencing ranges overlapped).

No. 13-41330

This court will not assume in the absence of more evidence that the error affected the sentence.[21] In *United States v. Pratt,* 728 F.3d 463, 482 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1328 (2014), this court held that such additional evidence exists when the sentencing court has indicated that the calculated guidelines range "was a primary factor in the selection of the . . . sentence." In this case, the district court stated that "a sentence within the Guideline range is necessary here." The court then stated that it was imposing a sentence at the low end of the range. The court was careful in structuring a concurrent revocation sentence to prevent Mazarego-Salazar from serving more than 70 months. The Government emphasizes, on the other hand, that the district court also stated that it had considered all the § 3553(a) factors and concluded that 70 months in prison was appropriate given all of the circumstances of the case.

Based on the district court's carefully structuring the sentence to fall at the extreme low end of the incorrect Guidelines range, we conclude that it is probable the court would have sentenced Mazarego-Salazar differently under the correct Guidelines range. Accordingly, we conclude Mazarego-Salazar's substantial rights were affected by the district court's error in calculating his criminal history score and that the error seriously affects the fairness, integrity, and public reputation of judicial proceedings.[22] Therefore, we vacate the sentence with respect to the criminal history points calculation and remand for further proceedings consistent with this opinion.

---

[21] *United States v. Mudekunye,* 646 F.3d 281, 290 (5th Cir. 2011); *Blocker,* 612 F.3d at 416.

[22] *See Pratt,* 728 F.3d at 481-82 (vacating sentence and remanding on plain error review of calculation of guidelines range).

No. 13-41330

## CONCLUSION

For the reasons set out above, we AFFIRM the 16-level crime of violence enhancement, VACATE the criminal history points determination, and REMAND for further proceedings consistent with this opinion.

No. 13-41330

JENNIFER WALKER ELROD, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority's analysis and conclusion regarding the criminal history points calculation. However, I would also vacate the sentence because the district court erred in imposing the 16-level crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii). The evidence the government proffered to demonstrate the existence of Mazarego-Salazar's prior conviction lacks sufficient indicia of reliability to support its accuracy. We have previously permitted the use of abstracts and certificates of disposition to establish the existence of a prior conviction, but our precedent has never gone so far as to permit the establishment of a predicate conviction on the basis of a document as lacking in formality as that presented here. *See, e.g.*, *United States v. Moreno-Florean*, 542 F.3d 445, 449 & n.1 (5th Cir. 2008) (allowing the use of a California abstract of judgment to establish a prior conviction because an abstract of judgment "serves as 'the process and authority for carrying the judgment and sentence into effect.'") (quoting *People v. Mitchell*, 26 P.3d 1040, 1043 (2001)); *United States v. Neri-Hernandes*, 504 F.3d 587, 592 (5th Cir. 2007) (allowing the use of a Certificate of Disposition to establish a prior conviction because, under New York law, a Certificate of Disposition is a judicial record courts regularly consider when deciding on sentence enhancements).

The government—the party who bears the burden of proof—presented no evidence of what, precisely, this document is, who created it, or what it is used for in New York courts. The government has offered no evidence that this document is the type of document that would be accepted in a New York court as evidence of a prior conviction, or that would warrant any degree of deference

11

No. 13-41330

or recognition in New York courts.[1]  Accordingly, upon resentencing, I would require the government to come forward with reliable evidence to establish the conviction in support of the 16-level enhancement.

---

[1] While there does appear to be a judge's signature in the document stamp, nothing in the form suggests that the signature relates to content outside the stamp itself.  The majority's view is that the signature applies to the entire form, but the government offered no evidence to support this view.