# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40889

United States Court of Appeals
Fifth Circuit

**FILED**

February 26, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JUAN CARLOS ORTEGA-CALDERON,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES and SMITH, Circuit Judges, and BOYLE, District Judge.*

JANE J. BOYLE, District Judge:

Juan Carlos Ortega-Calderon appeals his sentence, arguing that the district court erred by relying on a docket sheet and a Disposition of Arrest and Court Action to impose a sentencing enhancement under U.S.S.G. § 2L1.2. Because the evidence bears "sufficient indicia of reliability," we affirm.

---

* District Judge of the Northern District of Texas, sitting by designation.

No. 14-40889

I.

In March 2014, a federal grand jury indicted Defendant-Appellant Juan Carlos Ortega-Calderon for unlawful presence in the United States after previous deportation, in violation of 8 U.S.C. § 1326(a)–(b). Without the benefit of a plea agreement, Ortega-Calderon pleaded guilty to the sole count of the indictment.

The probation office's presentence report (PSR) recommended, *inter alia*, a twelve-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii), based on a 2003 California felony conviction for assault with a deadly weapon. Ortega-Calderon objected to this proposed enhancement and requested that the probation office produce a charging instrument, judgment, and any other documents relevant to the 2003 conviction. The probation office did not produce the charging instrument or a judgment, but it did attach two documents as an addendum to the PSR: a "Disposition of Arrest and Court Action" and a twenty-page docket sheet, both of which indicated that, in 2003, an individual named Juan Ortega Calderon pleaded nolo contendere to violating Cal. Penal Code § 245(a)(1) (assault with a deadly weapon) and was convicted.

At sentencing, Ortega-Calderon again objected to the enhancement, insinuating that these two documents were not sufficiently reliable to justify the enhancement. He nonetheless conceded that the information contained in the PSR was accurate. After a colloquy with the probation officer regarding the documents, the district court found that they proved the existence of the 2003 conviction by a preponderance of the evidence, and the court applied the twelve-level enhancement. All told, Ortega-Calderon was sentenced to thirty months' imprisonment. This appeal followed.

2

No. 14-40889

II.

At the outset, we must determine what standard of review applies in this case. The parties disagree on this point. Ortega-Calderon proposes that we review the district court's reliability determination *de novo*, while the Government suggests a clear error standard. Finding that our precedents do not plainly answer this question, we hold that a district court's conclusion that evidence submitted to prove the fact of a prior conviction bears "sufficient indicia of reliability," U.S.S.G. § 6A1.3(a), is reviewed for clear error.

To support his position, Ortega-Calderon relies on *United States v. Martinez-Cortez*, 988 F.2d 1408 (5th Cir. 1993), which states that "whether prior convictions have been proved sufficiently for purposes of sentence enhancement is a question of law; thus, review is de novo." *Id.* at 1410, 1415. At first blush, this language appears to favor Ortega-Calderon. *Martinez-Cortez*, however, involved a very different question: whether the evidence used to prove the defendant's prior state burglary conviction passed muster under *Taylor v. United States*, 495 U.S. 575 (1990).

In *Taylor*, the Supreme Court addressed a sentencing enhancement under 18 U.S.C. § 924(e)(1), which applies when a defendant "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both." "Violent felony" includes burglary, but the statute does not define the latter term. 18 U.S.C. § 924(e)(2)(B)(ii). Noting that the elements of burglary varied by state, the Court first defined "generic burglary" as relevant for sentencing enhancements under § 924(e); it then concluded that a state burglary conviction would justify the enhancement "if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required the jury to find all the elements

3

of generic burglary in order to convict the defendant." *Taylor*, 495 U.S. at 599–602. A *Taylor* inquiry, then, turns on the *legal* question of whether a defendant's state conviction qualifies as a "generic burglary," which is amenable to *de novo* review.

*Martinez-Cortez* itself supports this conclusion. There, a panel of this Court considered whether the Government's proof of the defendant's burglary conviction comported with *Taylor*'s requirements—namely, that the Government either introduce "(1) the fact of the prior conviction (presumably by introducing a certified or validated copy of the judgment) and (2) a true copy of the state statute under which the conviction was attained," or show that the elements of defendant's conviction matched those of "generic burglary." *Martinez-Cortez*, 988 F.2d at 1411–12. Thus, this Court was reviewing the sufficiency of the evidence supporting the district court's legal conclusion that the defendant's conviction was a "generic burglary."

We have recognized the distinction between the legal inquiry at the heart of *Taylor* and the factual question of whether a defendant has been convicted—period. *See United States v. Neri-Hernandes*, 504 F.3d 587, 591 (5th Cir. 2007). When seeking only to prove the mere fact of a conviction, rather than its elements or underlying facts, the Government need not adhere to the stringent requirements of *Taylor* or *Shepard v. United States*, 544 U.S. 13 (2005). *Neri-Hernandes*, 504 F.3d at 591. The strict standard of review that applies in those cases is likewise inapposite here. In short, *Martinez-Cortez* is not controlling.[1]

---

[1] Ortega-Calderon's other arguments—first, that factual conclusions based on written evidence must be reviewed *de novo*, and second, that *Neri-Hernandes* and *United States v. Zuniga-Chavez*, 464 F.3d 1199 (10th Cir. 2006), support *de novo* review here—are similarly unavailing. Factual determinations based on written evidence have received clear error review since *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574–75 (1985), and neither *Neri-Hernandes* nor *Zuniga-Chavez* identifies the applicable standard of review.

No. 14-40889

Clear error review, on the other hand, finds support in our case law. In *United States v. Taylor*, 277 F.3d 721 (5th Cir. 2001), we declared that a "district court's reliance on a PSR for the quantity of drugs is based . . . on a finding of fact that the PSR's information contains an indicia of reliability and should be reviewed for clear error." *Id.* at 724. In other words, the determination that evidence supporting a disputed fact bears "sufficient indicia of reliability" under U.S.S.G. § 6A1.3(a) is a factual one, subject to clear error review.[2] Other cases bear out this reading: in *United States v. Gomez-Alvarez*, 781 F.3d 787 (5th Cir. 2015), for instance, we reviewed for clear error a conclusion that the defendant was in fact the person named in a state court complaint and abstract of judgment. *Id.* at 796.

We find this appeal to be materially indistinguishable from those cases. Ortega-Calderon contests the reliability of the evidence—the two documents—used to prove the fact of his 2003 conviction and, as a result, enhance his sentence. This is analogous to the defendant's challenge in *Taylor*—that the PSR used to support his sentence enhancement was unreliable. In both cases, the district court credited contested evidence to support a factual finding upon which it relied to impose a particular sentence. There is no principled reason to impose a different standard of review in one case than the other. Accordingly, we review the district court's determination of reliability for clear error.

---

[2] Although a PSR is entitled to a presumption of reliability, *see United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013), this fact is relevant only to the weight of different types of evidence supporting a disputed fact; it does not affect whether the determination of the evidence's reliability is a factual or legal one. Clear error review is therefore not limited to factual findings made in reliance on a PSR. U.S.S.G. § 6A1.3(a) ("In resolving *any* dispute concerning a factor important to the sentencing determination, the court may consider relevant information . . . provided that the information has sufficient indicia of reliability to support its probable accuracy." (emphasis added)).

5

No. 14-40889

III.

Moving to the merits of the appeal, Ortega-Calderon contends that the district court clearly erred by relying on the docket sheet and Disposition of Arrest and Court Action to find that he had previously been convicted of a crime of violence,[3] and then to enhance his sentence. We disagree, and therefore affirm his sentence.

A.

Ortega-Calderon points to our decision in *Neri-Hernandes* for the proposition that records offered to prove the existence of a prior conviction must, at a minimum, be "obtained from a state court and prepared by a clerk." *Neri-Hernandes*, 504 F.3d at 591 (quoting *Zuniga-Chavez*, 464 F.3d at 1205). Since the documents in this case were not shown to fulfill either requirement, he continues, his sentence should be overturned. But such a restrictive rule is at odds with both *Neri-Hernandes* itself and the Sentencing Guidelines. We therefore decline to adopt it.

1.

In *Neri-Hernandes*, we affirmed a crime of violence enhancement based on a previous conviction, which the Government proved using Certificates of Disposition from New York. The Certificates bore sufficient indicia of reliability, in part because they "constitute[d] presumptive evidence of the facts stated in such certificate" in New York. *Id.* at 592 (quoting *United States v. Green*, 480 F.3d 627, 632 (2d Cir. 2007)). In reaching this conclusion, we cited

---

[3] Ortega-Calderon concedes that assault with a deadly weapon under Cal. Penal Code § 245(a)(1) qualifies as a "crime of violence" under the Guidelines. He challenges only the reliability of the evidence used to prove the conviction exists.

the language from *Zuniga-Chavez* upon which Ortega-Calderon now relies. *Id.* at 591. But our approval of that case was a far cry from establishing a rule for determining when evidence of a prior conviction is reliable. Rather, *Zuniga-Chavez* illustrated the distinction between a *Shepard* inquiry, where the Government must prove the facts underlying a conviction, versus merely proving that a conviction exists. *Id.* at 591–92. This distinction helped the Court focus on the operative question: "whether the New York Certificates of Disposition ha[d] sufficient indicia of reliability to support their probable accuracy such that the documents c[ould] be used as evidence of [the defendant's] prior conviction." *Id.* In other words, the issue in *Neri-Herndandes* was whether the Certificates were reliable, and not whether they had been prepared by a clerk and obtained from a state court.

*Zuniga-Chavez*, upon which Ortega-Calderon also relies, helps him even less. There, the Tenth Circuit stated that "[a] case summary obtained from a state court and prepared by a clerk—even if not certified by that court—may be sufficiently reliable evidence of conviction for purposes of enhancing a federal sentence where the defendant fails to put forward any persuasive contradictory evidence." 464 F.3d at 1205. But the court was simply addressing the specific situation before it, where the Government had presented uncertified case summaries, obtained from a California state court, to prove the defendant's convictions. *Id.* at 1204. In fact, the court acknowledged that "reliability—not certification—is the key for determining the sufficiency of evidence of a prior conviction." *Id.* In both cases, then, the "case summary obtained from a state court and prepared by a clerk" was simply an *example* of a document with sufficient indicia of reliability, rather than a baseline. Neither case requires the Government to provide the proof Ortega-Calderon seeks.

No. 14-40889

2.

Limiting the Government to presenting only state court documents prepared by court clerks would also go against the requirements of the Sentencing Guidelines. In cases with disputed facts, the Guidelines require only that the evidence considered by the sentencing court have "sufficient indicia of reliability"; they do not require that these indicia come in a particular form. U.S.S.G. § 6A1.3(a); *see also United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994) ("Reasonable reliability is all that is required by § 6A1.3(a)."). To adopt Ortega-Calderon's rule would thus impose a standard of proof above and beyond what the statute requires.

Furthermore, the Sentencing Guidelines explicitly disavow applying "the rules of evidence applicable at trial." U.S.S.G. § 6A1.3(a). Here, Ortega-Calderon essentially brings an authentication challenge—he argues that the documents in question are not sufficiently reliable to determine that they are what they purport to be: records of his conviction. *See* Fed. R. Evid. 901(a). The Federal Rules of Evidence, however, permit authentication by any "evidence sufficient to support a finding that the item is what the proponent claims it is." *Id.* Included in Rule 901's non-exhaustive list of authentication examples is one for public records, which can be authenticated by evidence that either "a document was recorded or filed in a public office as authorized by law; or . . . a purported public record or statement is from the office where items of this kind are kept." Fed. R. Evid. 901(b)(7)(A)–(B). Restricting the acceptable "indicia of reliability" to proof that the records were "obtained from a state court and prepared by a clerk" would therefore be even less permissive than the Federal

No. 14-40889

Rules of Evidence.[4] We cannot accept such an incongruous result, and accordingly reject Ortega-Calderon's argument.

B.

Turning to the district court's determination in this case—that the docket sheet and Disposition of Arrest and Court Action were sufficiently reliable to justify the enhancement—we find no clear error. As the district court found, the docket report contains a significant amount of detail regarding the proceedings in the 2003 case, and the two documents strongly corroborate one another. Both identify the defendant as "Juan Ortega Calderon," indicate that he pleaded nolo contendere to a single charge of assault with a deadly weapon, and show he was sentenced to 180 days in jail and thirty-six months' probation. This evidence is sufficient to withstand our scrutiny.

This result aligns with our unpublished decision in *United States v. Mazarego-Salazar*, 590 F. App'x 345 (5th Cir. 2014), which also affirmed a sentencing enhancement based on a crime of violence. In that case, the district court had relied on "a two-page printed form" with the heading "Supreme Court of the State of New York." *Id.* at 348. An unidentified individual had filled in the form to indicate that the defendant had pleaded guilty to second degree assault, and a trial court judge had signed it. *Id.* Recognizing that we had previously approved the use of "clerical-type documents" to "prove the basis of the underlying conviction," this Court upheld the district court's sentencing enhancement. *Id.* at 348–49. The documents in this case are at least as reliable as the one approved in *Mazarego-Salazar*, so the district court's decision to rely

---

[4] We emphasize that our decision does *not* suggest incorporating the Federal Rules of Evidence into sentencing proceedings. Both the Guidelines and the Rules flatly contradict such a result. U.S.S.G. § 6A1.3(a); Fed. R. Evid. 1101(d)(3).

on them was not clearly erroneous.

We also note that Ortega-Calderon has presented no evidence challenging the veracity of the information contained in these documents. In fact, when questioned about the PSR, he admitted it was accurate. We have previously refused to find evidence of a prior conviction to be unreliable when the defendant has not come forward with contrary proof, and we do so again here. *See id.* at 349; *Neri-Hernandes*, 504 F.3d at 592. The district court did not clearly err.

AFFIRMED.