# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41112
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

SAMUEL BARRAGAN-ROSALES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-838-1

Before BARKSDALE, ELROD, and HO, Circuit Judges.

PER CURIAM:[*]

Samuel Barragan-Rosales appeals his 84-month prison sentence, imposed after pleading guilty to being an alien found in the United States following a previous removal, in violation of 8 U.S.C. § 1326(a), (b). He challenges the document relied upon to, *inter alia*, show a prior conviction necessary for the sentencing enhancement under the Sentencing Guidelines for his offense level.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-41112

The presentence investigation report (PSR) recommended the eight-level enhancement because Barragan had a prior felony conviction for aggravated burglary in Louisiana in 2008, which occurred before his first order of removal in 2011.  U.S.S.G. § 2L1.2(b)(2)(B) ("If, before the defendant was ordered deported or ordered removed from the United States for the first time, the defendant sustained— (B) a conviction for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more").  Barragan also has previous felony convictions for possession of marijuana, possession of cocaine, and being found in the United States after a previous removal; and, one misdemeanor conviction for driving while intoxicated.  As a result, he had an offense level of 23, and a criminal history category of V, resulting in an advisory Guidelines sentencing range of 84-105 months.  Barragan's objection in district court regarding the evidence offered in support of the enhancement was overruled.

He contends the court erred in finding an extract from the minutes of the Louisiana court constituted reliable evidence of his prior conviction to satisfy the enhancement because the document is uncertified, unsigned by a judge or clerk, and the division of the court is missing.  The extract is one page of a three-page facsimile transmission.

Although post-*Booker,* the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States,* 552 U.S. 38, 48–51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez,* 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo;* its factual findings,

only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The Government must prove by a preponderance of the evidence the facts forming the basis of a sentencing enhancement.  *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir.) *cert. denied*, 568 U.S. 1016 (2012).  In that regard, our court reviews for clear error the district court's finding the evidence submitted to prove the fact of a prior conviction is sufficiently reliable.  *United States v. Ortega-Calderon*, 814 F.3d 757, 759 (5th Cir. 2016); *United States v. Goncalves*, 613 F.3d 601, 604–05 (5th Cir. 2010).

Barragan contends the Government was required to provide certain evidence supporting the conviction and cites precedent applicable to the modified-categorical approach.  *E.g. Taylor v. United States*, 495 U.S. 575 (1990); *see also Shepard v. United States*, 544 U.S. 13 (2005).  The modified-categorical approach, however, is not triggered here; only evidence a prior conviction exists is required.  U.S.S.G. § 2L1.2(b)(2)(B).  As our court stated in *Ortega-Calderon*, "[w]e have recognized the distinction between the legal inquiry at the heart of *Taylor* and the factual question of whether a defendant has been convicted—period".  814 F.3d at 760.

The remaining question is whether the Government proved, by a preponderance of the evidence, the court-minutes extract provided sufficient indicia of reliability to satisfy the Guidelines.  *United States v. Rodriguez*, 630 F.3d 377, 380 (5th Cir. 2011); U.S.S.G. § 6A1.3(a) (All information relevant to any important sentencing factor may  be considered, regardless of the Rules of Evidence, as long as the information has "sufficient indicia of reliability to support its probable accuracy").  For the following reasons, the extract was sufficiently reliable to prove the existence of the prior conviction.  *See Ortega-Calderon*, 814 F.3d at 762-63.

No. 17-41112

The extract provided a significant amount of detail, listing, *inter alia*: Barragan's name, offense of conviction, date of conviction, and various admonishments he received pursuant to his guilty plea. Its lack of certification is not dispositive of its reliability. *See id.* at 761. Moreover, Barragan has not offered evidence to rebut the reliability of the evidence. *See id.* at 762–63; *see also United States v. Neri-Hernandes*, 504 F.3d 587, 592 (5th Cir. 2007). Our court has declined to find evidence of a prior conviction unreliable where the defendant fails to present rebuttal evidence. *Ortega-Calderon*, 814 F.3d at 762–63 (citing *United States v. Mazarego-Salazar*, 590 F. App'x 345, 349 (5th Cir. 2014), *cert. denied* 136 S. Ct. 1164 (2016)). Finally, every form of aggravated burglary under Louisiana law, as it existed at the time of Barragan's 2008 conviction, would satisfy the definition of "felony" because it was punishable by a term of imprisonment exceeding one year. *See* La. Rev. Stat. Ann. § 14:60 (2008); *see also* U.S.S.G. § 2L1.2 cmt. n.2 ("'Felony' means any federal, state, or local offense punishable by imprisonment for a term exceeding one year").

AFFIRMED.

4