# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 28, 2020

Lyle W. Cayce
Clerk

No. 19-40448
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENNETH S. JONES,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1045-1

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Kenneth S. Jones pleaded guilty, without a plea agreement, to one count of bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines term of 220-months' imprisonment.

As he did in district court, Jones challenges his sentence by asserting the court improperly relied on Guideline § 4B1.1 (career-offender enhancement) in

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-40448

calculating his advisory Guidelines sentencing range. According to Jones, Guideline § 4B1.1 is inapplicable because the judgments on which the court relied in applying the enhancement (two federal convictions for controlled-substance offenses) were *electronically* signed and, therefore, not in accordance with Federal Rule of Criminal Procedure 32. *See* Fed. R. Crim. P. 32(k)(1) (requiring judges "sign" judgments of conviction). Jones contends that, because the two prior judgments were improperly executed, the career-offender enhancement's requirement that he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense" is not met. *See* U.S.S.G. § 4B1.1(a)(3). (To the extent Jones challenges the substantive reasonableness of his within-Guidelines sentence, he has abandoned this contention for failure to brief. *See United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (citation omitted) ("A party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it. It is not enough to merely mention or allude to a legal theory." (internal citations omitted)).)

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

No. 19-40448

We need not address whether electronic signatures contravene Rule 32(k)(1) because our court has previously held "a district court's conclusion that evidence submitted to prove the fact of a prior conviction bears sufficient indicia of reliability . . . is reviewed for clear error". *See United States v. Ortega-Calderon*, 814 F.3d 757, 759 (5th Cir. 2016) (internal quotation marks and citation omitted). In that regard, "[t]here is no clear error if the district court's finding is plausible in [the] light of the record as a whole". *United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (citation omitted). "A finding of fact is clearly erroneous only if, after reviewing all the evidence, we are left with the definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

The record documents reflecting Jones' prior criminal proceedings include the original judgments, statements of reasons, and subsequent judgments entered upon the revocation of supervised release. The court reiterated at sentencing that at issue was the factual question whether Jones had the two prior convictions, notwithstanding the method of signature on the judgments, before ultimately finding the evidence sufficient to support their existence.

In *Ortega-Calderon*, our court held that two documents considered by the district court as evidence of conviction were "sufficient to withstand our scrutiny" on clear-error review because one "contain[ed] a significant amount of detail regarding the proceedings in the [prior] case, and the two documents strongly corroborate[d] one another". *Ortega-Calderon*, 814 F.3d at 762. Moreover, defendant in *Ortega-Calderon* "presented no evidence challenging the veracity of the information contained in th[ose] documents", and our court reiterated its precedent "refus[ing] to find evidence of a prior conviction to be unreliable when the defendant has not come forward with contrary proof". *Id.*

at 762–63 (citations omitted). Similarly, our court has affirmed a court's acceptance of the existence of a prior conviction based on unrebutted information in the presentence investigation report (PSR) when the defendant did not deny the existence of the conviction. *See United States v. Ramirez*, 367 F.3d 274, 277 (5th Cir. 2004).

Here, as in *Ortega-Calderon*, the documents evidencing Jones' prior convictions are detailed and internally consistent. *See Ortega-Calderon*, 814 F.3d at 762. Furthermore, as in *Ramirez*, the PSR contained information regarding the prior convictions. *See Ramirez*, 367 F.3d at 277. And, as in both prior cases, Jones has neither presented rebuttal evidence nor denied the convictions. *See Ortega-Calderon*, 814 F.3d at 762; *Ramirez*, 367 F.3d at 277.

AFFIRMED.