# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 24, 2022

Lyle W. Cayce
Clerk

No. 20-50879
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JEREMY SMITH,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-73-1

Before OWEN, *Chief Judge*, and SMITH and ELROD, *Circuit Judges*.

PER CURIAM:[*]

Jeremy Smith pleaded guilty to possessing with intent to distribute 50 grams or more of actual methamphetamine and was sentenced to a guidelines term of 264 months in prison with five years of supervised release. On appeal, Smith contends that there is no reliable evidence he made a post-

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

arrest admission described in the presentence report (PSR) and that the district court accordingly erred in using that admission to calculate the amount of methamphetamine attributable to him for sentencing purposes.

The sentence of a defendant convicted of a drug-trafficking offense is based on the quantity of drugs involved in the offense, and the district court can determine this quantity by extrapolating "from any information that has sufficient indicia of reliability to support its probable accuracy[.]" *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019); *see United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009). Whether information bears sufficient indicia of reliability for use in sentencing is a factual finding reviewed for clear error, as are findings of attributable drug quantity. *See United States v. Ortega-Calderon*, 814 F.3d 757, 760 (5th Cir. 2016); *Dinh*, 920 F.3d at 310.

The standard for reliability at sentencing is "not intended to be onerous. 'Even uncorroborated hearsay evidence,' . . . 'may be sufficiently reliable.'" *United States v. Malone*, 828 F.3d 331, 337 (5th Cir. 2016) (quoting *United States v. Gaytan*, 74 F.3d 545, 558 (5th Cir. 1996)). We have thus held that it is not clear error "for a district court to rely on a PSR's account of a defendant's post-arrest, Mirandized admission of relevant conduct where the defendant has objected to the reliability of his own statement but has failed to introduce evidence to rebut it." *United States v. Barfield*, 941 F.3d 757, 763 (5th Cir. 2019), *cert. denied*, --- U.S. ----, 140 S. Ct. 1282 (2020). In this case, the district court had not only the PSR's account to rely on but also a recording of Smith's post-arrest interview, which the court found consistent with the PSR; moreover, Smith acknowledged having made the relevant admission. This was more than sufficient. Although Smith maintains that his statements on the recording are inaudible at key points, his interpretation of relevant evidence is not controlling. *Cf. Barfield*, 941 F.3d at 766 (noting district court could choose to credit PSR's construction of evidence over defendant's representations).

No. 20-50879

We conclude that the district court did not clearly err in relying on Smith's post-arrest admissions to calculate the drug quantity attributable to him. *See Dinh*, 920 F.3d at 310. Accordingly, the judgment of the district court is AFFIRMED.