# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 14, 2022

Lyle W. Cayce
Clerk

No. 21-50985
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LARRY CORTEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-113-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Larry Cortez pleaded guilty to possession with intent to distribute five grams or more of actual methamphetamine and was sentenced within the advisory guidelines range to 141 months in prison. He appeals his sentence.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

Cortez argues that the district court erred in calculating his guidelines range because it relied on evidence as to drug quantity that lacked sufficient indicia of reliability. He states that the district court's quantity finding relied on the recitation in the presentence report (PSR) of post-arrest statements that he made while he was intoxicated. He asserts that his admissions, which were not corroborated by other evidence, were unreliable on account of his intoxication and could not be used to determine the drug quantity for which he was accountable.

The district court may extrapolate the drug quantity attributable to a defendant for sentencing purposes from any information that bears sufficient indicia of reliability to support its probable accuracy and may consider drug-quantity estimates. *United States v. Dinh*, 920 F.3d 307, 313 (5th Cir. 2019). Also, the district court may adopt a PSR's finding of drug quantity without further inquiry if the acts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence. *Id.* We review for clear error whether specific information has sufficient indicia of reliability, *see United States v. Ortega-Calderon*, 814 F.3d 757, 760 (5th Cir. 2016), and whether the district court properly calculated the drug quantity for which a defendant is responsible, *see United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

The PSR detailed that Cortez freely made admissions as to the drug quantity for which he was accountable after a knowing and voluntary waiver of his *Miranda*[1] rights. Cortez did not present any evidence refuting the PSR, contradicting his statements, or disputing the truthfulness of his admissions. The district court could rely on the PSR's effectively uncontested depiction of Cortez's admissions and extrapolate the drug quantity for which he was

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

responsible for purposes of sentencing. *See United States v. Barfield*, 941 F.3d 757, 760, 763-66 (5th Cir. 2019); *Dinh*, 920 F.3d at 313.

While Cortez suggests that his statements necessarily were rendered unreliable by his alleged intoxication, there is no indication that our caselaw supports his claim. He otherwise has not established his intoxication at the time of his admissions or shown that his statements lack the minimum indicia of reliability and were not plausible in light of the entire record. *See Barfield*, 941 F.3d at 764, 766-67. There is no claim or indication that he was wrong or dishonest in his interview with officers, could not rationally and competently address the questions that he was presented, or was unable to give details as to drug quantity. Cortez has not alleged or produced evidence to support that intoxication would have caused him to misstate the quantity of drugs at issue or that there were any indicators that he lacked the capacity to participate in the interview. *See id.* at 764, 766. While Cortez maintains that his statements were unreliable and undermined by his supposed intoxication, his version of events is not controlling. *See id.* at 766.

Accordingly, Cortez has not shown that the district court clearly erred in finding that he was responsible for the quantity of drugs reflected in the PSR's description of his post-arrest admissions. *See Barfield*, 941 F.3d at 766-67; *Dinh*, 920 F.3d at 310. Therefore, the judgment of the district court is AFFIRMED.