# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 24, 2023

Lyle W. Cayce
Clerk

_____

No. 22-60668
Summary Calendar
_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Alvin Ray Lucas,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-54-1

_____

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:[*]

Alvin Ray Lucas pleaded guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and the district court sentenced him to 360 months of imprisonment, to be followed by five years of supervised release. He now appeals that sentence.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60668

First, Lucas argues that the district court clearly erred in calculating the drug quantity attributable to him because it was based on unreliable evidence and unsupported by the record.  Because those challenges were preserved, we review them for clear error.  *See United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013); *United States v. Ortega-Calderon*, 814 F.3d 757, 759 (5th Cir. 2016).  Here, the district court's drug quantity finding stemmed from sufficiently reliable evidence and is plausible based on the record, considering that the drug quantity recitations in the presentence report were based on a police investigation, the case agent's testimony at the sentencing hearing, and the evidence admitted at the sentencing hearing corroborating the presentence report's account of Lucas working as a middleman for the cooperating defendant.  *See United States v. Lucio*, 985 F.3d 482, 485-87 (5th Cir. 2021); *United States v. Thomas*, 12 F.3d 1350, 1372 (5th Cir. 1994).

Next, Lucas challenges the district court's finding that he was a leader or organizer in the conspiracy on the basis that his deceased co-conspirator's statements were unreliable hearsay.  That contention was preserved, and we review it for clear error.  *See Ortega-Calderon*, 814 F.3d at 759.  The district court did not clearly err in concluding that the co-conspirator's statements were reliable because they were the product of a police investigation and further bolstered by the evidence adduced at the sentencing hearing, which included a post-arrest report prepared by the case agent summarizing those statements.  *See Lucio*, 985 F.3d at 485-86; *Thomas*, 12 F.3d at 1372.

Finally, Lucas asserts that the district court should have varied downward sua sponte or held him accountable for methamphetamine mixture, rather than ice, for policy reasons.  Reviewing both unpreserved contentions for plain error, we conclude that there was no error, plain or otherwise.  *See United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013); *United States v. Malone*, 828 F.3d 331, 338-39 (5th Cir. 2016).

No. 22-60668

For the foregoing reasons, the district court's judgment is AFFIRMED.