# United States Court of Appeals for the Fifth Circuit

———————————

No. 23-10501
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE HENRY PURDY, III,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————————

No. 23-10502
Summary Calendar

———————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

GEORGE HENRY PURDY,

*Defendant—Appellant*.

No. 23-10501
c/w No. 23-10502

---

Appeals from the United States District Court
for the Northern District of Texas
USDC Nos. 4:22-CR-302-1,
4:16-CR-196-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

George Purdy, III, pleaded guilty of possessing a firearm after a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He appeals, raising a claim of sentencing error and urging that § 922(g)(1) is unconstitutional. Purdy also appeals the judgment revoking his supervised release in a separate matter, but, because he does not brief any challenge to the revocation or the revocation sentence, he has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

For the first time on appeal, Purdy contends that § 922(g)(1) violates the Second Amendment in light of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). Our review is for plain error. *See United States v. Snarr*, 704 F.3d 368, 382 (5th Cir. 2013). Because it is not clear that *Bruen* or other existing precedent dictates that § 922(g)(1) is unconstitutional, Purdy cannot show plain error. *See United States v. Jones*, 88 F.4th 571, 573–74 (5th Cir. 2023), *cert. denied*, 2024 WL 1143799 (U.S. Mar. 18, 2024) (No. 23-6769).

Purdy also contends that, as interpreted by this court, § 922(g)(1) is unconstitutional because it exceeds Congress's authority to regulate commerce. As he concedes, that argument is foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020).

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10501
c/w No. 23-10502

Finally, Purdy maintains that the district court erred in relying on statements in the presentence report ("PSR") that a domestic partner told police he threatened her with a pistol. A sentencing court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted). Whether this standard is met in a given instance is a factual finding reviewed for clear error. *United States v. Ortega-Calderon*, 814 F.3d 757, 760 (5th Cir. 2016).

"Bald, conclusionary statements do not acquire the patina of reliability by mere inclusion in the PSR." *United States v. Elwood*, 999 F.2d 814, 817-18 (5th Cir. 1993). Here, however, the statements are part of a "detailed and specific" account. *United States v. Parkerson*, 984 F.3d 1124, 1129 (5th Cir. 2021). The PSR indicates this account was corroborated in part by the presence of marks on the victim's body, Purdy's admission that a dispute occurred, and the discovery of a pistol and ammunition in his apartment. Purdy fails to show that consideration of the victim's allegations, as summarized in the PSR, was clearly erroneous. In turn, because he did not present rebuttal evidence or otherwise demonstrate that the allegations were unreliable, the district court was entitled to accept them. *See Harris*, 702 F.3d at 230.

Purdy criticizes the reasoning employed in *Harris* and *Parkerson* with respect to burden-shifting and information based on police investigations. We reject his criticisms under the rule of orderliness. *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).

The judgments are AFFIRMED.