# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-40191
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

FRANCISCO RODRIGUEZ,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:21-CR-4-2

_____

Before JOLLY, JONES, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Francisco Rodriguez pleaded guilty to conspiracy to distribute methamphetamine. At sentencing, and over Rodriguez's objection, the district court adopted the presentence report (PSR), which held him accountable for 45 kilograms or more of methamphetamine when calculating his base offense level. The district court imposed 240 months of

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

imprisonment, to be followed by three years of supervised release. Rodriguez now appeals, asserting that the district court clearly erred in its drug quantity determination. *See United States v. Lucio*, 985 F.3d 482, 485 (5th Cir. 2021).

As an initial matter, the PSR's recitation of the offense conduct was primarily based on the findings of multiple law enforcement investigations, which the PSR outlined in detail. *See id.* at 485-86. Those investigations included, inter alia, surveillance and a controlled purchase, and law enforcement officers largely corroborated multiple coconspirators' accounts of the conspiracy. Thus, the district court did not clearly err in concluding that the information underlying the PSR's drug quantity determination was sufficiently reliable. *See id.* at 486-87; *United States v. Ortega-Calderon*, 814 F.3d 757, 759 (5th Cir. 2016).

As to the drug quantity finding, the district court was free to adopt the PSR. *See Lucio*, 985 F.3d at 488; *see also United States v. Arayatanon*, 980 F.3d 444, 451 (5th Cir. 2020) ("A defendant's mere objections at sentencing do not constitute competent rebuttal evidence."). The PSR was reliable evidence of Rodriguez's relationships with the many coconspirators in this case and his extensive involvement in the conspiracy. *See Lucio*, 985 F.3d at 485. The district court did not err in holding him accountable for the amounts attributed to him by the coconspirators, which were based on his own personal involvement and on the reasonably foreseeable acts of his coconspirators in furtherance of the conspiracy to distribute 45 kilograms or more of methamphetamine. *See id.* at 486-87; *United States v. Solis*, 299 F.3d 420, 462 (5th Cir. 2002). In sum, the drug quantity finding is plausible based on this record. *See United States v. Alaniz*, 726 F.3d 586, 618-19 (5th Cir. 2013); *see also Lucio*, 985 F.3d at 486-88.

AFFIRMED.